UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005.51 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-51, <br><br> Plaintiffs, <br><br> v. <br><br> LEO GERMANELO and DOES I through X, <br><br> Defendants. | Case No.: 12-cv-01163-LHK <br><br> ORDER REMANDING CASE |

On March 8, 2012, Defendant Leo Germanelo ("Defendant") removed this unlawful detainer action from the Superior Court for the County of Monterey to federal court, asserting federal question jurisdiction. *See* ECF No. 1 ("Notice of Removal") at 2. The case was reassigned to the undersigned judge on March 14, 2012. ECF No. 6. Before the Court is Plaintiff's Motion to Remand for lack of jurisdiction, which Defendant has not opposed. *See* ECF Nos. 9 ("Mot."), 15 ("Reply"). The Court finds the matter appropriate for determination without oral argument and therefore VACATES the hearing set for August 9, 2012. *See* Civil L.R. 7-1(b). Having reviewed Plaintiff's submissions and the relevant law, the Court concludes that it lacks jurisdiction over this matter, and therefore GRANTS the Motion to Remand.

**I.   BACKGROUND**

1

The instant dispute arises from a non-judicial foreclosure sale of real property located at 3229 Susan Avenue, Marina, California 93933 (the "Property"). Notice of Removal, Ex. A (complaint) at 2. In seeking to recover possession of the Property, Plaintiff The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of Cwalt, Inc., Alternative Loan Trust 2005.51, Mortgage Pass-Through Certificates, Series 2005-51 ("Plaintiff"), filed a complaint in the Superior Court for the County of Monterey alleging a single cause of action, unlawful detainer, pursuant to California Code of Civil Procedure § 1161a. *See* Notice of Removal, Ex. A at 1. Defendant filed a demurrer to the complaint alleging defective notice, which the Superior Court overruled. *See* Removal Notice at 3 & Ex. B (demurrer). Defendant subsequently removed this action to federal court.

## II. LEGAL STANDARDS AND DISCUSSION

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

### A. Federal Question Jurisdiction

Under 28 U.S.C. § 1331, federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002). Removal pursuant to § 1331 is governed by the "well-pleaded complaint rule," which provides that

federal question jurisdiction exists only when "a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The state court complaint attached to the Notice of Removal discloses no federal statutory or constitutional question. Plaintiff asserts only a single cause of action for unlawful detainer pursuant to California Code of Civil Procedure § 1161(a)(b)(3). ECF No. 1, Ex. A. An unlawful detainer action does not arise under federal law but rather is purely a creature of California law. *See Fed. Home Loan Mortg. Corp. v. Viray*, 2012 WL 1231838, at *1 (N.D. Cal. Apr. 12, 2012); *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Litton Loan Servicing, L.P. v. Villegas*, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011).

Defendant's Notice of Removal asserts that federal question jurisdiction exists because Defendant filed a demurrer in state court based on Plaintiff's alleged noncompliance with the notice requirements of the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220, and therefore resolution of the case "depend[s] on the determination of Defendants' rights and Plaintiff's duties under federal law." ECF No. 1 at 3; *see* ECF No. 1, Ex. B (demurrer). However, it is well-settled that "a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393. Nor can a counterclaim "serve as the basis for [§ 1331] 'arising under' jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-32 (2002). Thus, to the extent Defendant's defenses or counterclaims to the unlawful detainer action are based on alleged violations of federal law, those allegations do not provide a basis for federal jurisdiction.[1] Because no federal question is presented on the face of Plaintiff's properly pleaded complaint, this Court lacks federal question jurisdiction. *See Caterpillar*, 482 U.S. at 392.

**B. Diversity Jurisdiction**

---

[1] Although irrelevant to the Court's jurisdictional analysis, the Court further notes that even if a defense or counterclaim could give rise to federal question – which it cannot – the PTFA does not create a private right of action or an independent basis for federal subject matter jurisdiction. *See Aurora Loan Servs. LLC v. Torres*, No. 11-cv-30611, 2011 WL 4551458, at *1 (N.D. Cal. Sept. 30, 2011); *Nativi v. Deutsch Bank Nat'l Trust Co.*, No. 09-06096 PVT, 2010 WL 2179885, at *2-4 (N.D. Cal. May 26, 2010).

3

Case No.: 12-CV-01163-LHK
ORDER REMANDING CASE

1  Even though Defendants' Notice of Removal is based solely on an assertion of federal
2  question jurisdiction, the Court briefly notes that diversity jurisdiction over this action is also
3  lacking. Diversity jurisdiction exists only in suits between citizens of different states and "where
4  the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28
5  U.S.C. § 1332(a). Here, Plaintiff's Complaint seeks damages in an amount less than $10,000.
6  Notice of Removal, Ex. A. Thus, because the amount in controversy is less than $75,000, diversity
7  jurisdiction is also lacking. *See* 28 U.S.C. § 1332(a); *St. Paul Mercury Indem. Co. v. Red Cab Co.*,
8  303 U.S. 283, 291 (1938) (the status of the case as disclosed by the plaintiff's complaint is
9  controlling for purposes of removal).

### III. CONCLUSION

Defendant has not carried its burden of establishing federal jurisdiction. Accordingly, Plaintiff's Motion to Remand this matter to the Superior Court for the County of Monterey is GRANTED. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 30, 2012

_____
LUCY H. KOH
United States District Judge